FILED
2021 Sep-17  AM 09:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| David Hemphill, Michael Carter, and Jerry Pruitt, ) ) ) ) Plaintiffs, ) ) v. ) ) City of Northport, Alabama, ) ) Defendant. ) ) | 7:20-cv-00861-LSC |

**MEMORANDUM OF OPINION**

Plaintiffs filed suit against Defendant alleging discrimination in violation of Title VII and § 1981. Defendant filed a Motion for Protective Order. (Doc. 25.) The Defendant's Motion for Protective Order asked to the Court to (1) hold that Defendant did not have to respond to Plaintiffs' late filed interrogatories and requests for production of documents; (2) bar Plaintiffs from using or relying on any documents that were requested by Defendant and not produced by Plaintiffs; and (3) bar Plaintiffs from taking any depositions. As a result, the Court held a motion hearing on September 16, 2021, at 2:00 PM. Plaintiffs' counsel failed to appear. During the hearing, Defendant moved to dismiss the action for want of prosecution

pursuant to Fed.R.Civ.P. 41(b). For the reasons to follow, the Court grants the Defendant's motion and dismisses the action with prejudice for want of prosecution.

## ANALYSIS

"District courts possess the ability to dismiss a case with prejudice for want of prosecution based on two possible sources of authority: Fed.R.Civ.P. 41(b) or their inherent authority to manage their dockets. *Eades v. Alabama Dep't of Hum. Res.*, 298 F. Appx 862, 863 (11th Cir. 2008) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)). "[A] dismissal with prejudice . . . may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty*, 432 F.3d at 1337–38 (internal citations omitted). Here, Defendant made an oral Fed.R.Civ.P. 41(b) motion during the hearing on September 16, 2021. As such, the Court can dismiss the case with prejudice for want of prosecution if both elements are met.

**I.     Plaintiffs engaged in a clear pattern of delay or willful contempt.**

The Supreme Court of the United States holds there is "no merit to the contention that [the] dismissal of [a plaintiff's] claim because of his counsel's unexcused conduct impose[s] an unjust penalty on the client." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962); *see also Eades*, 298 F. Appx at 864. Thus, the Court

may look to the actions of both the plaintiffs and the plaintiffs' attorney in determining whether there was a clear pattern of delay or willful contempt.

In *Eades*, the Eleventh Circuit upheld the district court's dismissal of the case with prejudice for want of prosecution because "[the plaintiff] failed on multiple occasions to comply with the court-ordered deadlines in this case, and the repeated nature of her failures in this regard evidenced a 'clear pattern of delay' or 'contumacious conduct' on her part, as opposed to mere negligent conduct." *Eades*, 298 F. Appx at 864. Plaintiffs' attorney's actions in this case are like *Eades*.

**A. Failure to confer with Defendant when required**

Plaintiffs' counsel has disregarded the Court's orders to confer with Defendant's counsel on multiple occasions. In the Court's ALND Uniform Initial Order Governing All Further Proceedings (doc. 7), it reminds the parties of their obligations to confer as soon as practicable. When looking at the Report of the Parties Planning Meeting (doc. 11), it is apparent that Plaintiffs' counsel, Dan Crane, did not follow the Court's mandates to confer with Defendant's counsel. In the report, Defendant states that "Plaintiffs' counsel has not responded to two offers to set up calls on November 19 and December 10, 2020." Then, under the section for Plaintiffs' claims, there are none because they were not sent by Plaintiffs' counsel. (Doc. 11 at 1.) Under "prospects for settlement," the area for Plaintiffs is once again

empty because Defendant had not heard from Plaintiffs' counsel.  Thus, Plaintiff ignored the Court's mandates and Fed.R.Civ.P. 26(f).

Further, in its Scheduling Order (doc. 12), the Court mandates that on or before the close of discovery, the parties submit a joint status report. The word "joint" in the order means that both parties must come together to provide the Court with the requested report. Defendant claims that Plaintiffs disregarded the order, did not work with Defendant in submitting the report, and caused Defendant to create the report alone. (Doc. 39 at 2.)

When looking at the Joint Status Report (doc. 27), Crane did not work with or aid Defendant's counsel.  Under the section designated for Plaintiff's statement of the case, the only statement is "Dan, please add your statement here." Similarly, under the section designated for Plaintiffs' statement of undisputed material facts, the only statement is "Dan, please add your statement here." Further, under the section designated for Plaintiffs' legal claims with facts and case authority, Crane provides none. Crane did not work with Defendant's counsel to provide the joint report or supplement the report with the information they were required to submit to the Court pursuant to the Scheduling Order.

When coupled with Plaintiffs' other failures in prosecuting this case as discussed below, it is obvious that Plaintiffs' counsel's failure to cooperate with Defendant is not a mere oversight. This is a disregard for the Court's orders.

### B. Failure to comply with the Court's scheduling order deadlines

Crane has failed to comply with court-ordered discovery deadlines in this case. In the scheduling order for this case, the Court stated that "all discovery must be commenced in time to be completed by 8/2/2021." Crane disregarded the scheduling order and served discovery requests upon Defendant *for the first time* a mere thirteen days before the end of discovery deadline set by this Court. Fed.R.Civ.P. 26(f) As a result, Crane violated the scheduling order. Defendant could not be given the full thirty days to respond to discovery and comply with the Court's deadline because of Plaintiff's delay in serving any discovery requests. (Doc. 28 at 2.) Further, Plaintiffs' counsel admits in its response to Defendant's Motion for Protective Order, that he was late in serving discovery when stating "Defendants cannot avoid responding to discovery altogether because it was served late." (Doc. 28 at 1.) Thus, Plaintiffs' serving of discovery did not follow the Court's order.

### C. Failure to notify the Court of problems in complying with the Scheduling Order or to ask for an extension

As in *Eades*, Crane "did not attempt to notify the court, in a timely manner, of the problems that [he] was experiencing in complying with the court-ordered deadlines or in completing discovery." *Eades*, 298 F. Appx at 864. Throughout the discovery process, Plaintiffs' counsel did not make any motions for an extension of deadlines or notify the Court of any hardships he was facing in complying with discovery orders. In fact, Plaintiffs did not attempt to request an extension of the discovery deadline to allow for Defendant to have thirty days to respond. Instead, Crane blamed Defendant for not asking for an extension of the discovery deadline. (Doc. at 2. ("Defendants could have moved this Honorable Court for an extension of the discovery deadline."))

**D. Failure to attend hearings**

Crane also failed to attend a hearing ordered by the Court. On August 20, 2021, the Court set a hearing to take place on September 16, 2021 to discuss Defendant's Motion for Protective.  The Court provided the parties with notice of the hearing twenty-seven days in advance. During those twenty-seven days, Crane could have contacted the Court or filed a motion requesting a different date. But he did not. On the day of the hearing, Crane did not appear. The Court checked for any correspondence from Crane indicating an issue with attending the hearing, and the

Court found none. The Court waited thirty minutes past the time set for the hearing for Crane to appear, and he did not show.

However, Crane was aware of the motion made by Defendant because between the time of the notice of the hearing and the hearing itself, he filed Plaintiff's Opposition to Defendant's Motion for Protective Order (doc. 28). The fact that Crane was aware of the discovery issues and failed to appear before the Court when given notice twenty-seven days in advance, is not a mere accident. It is willful.

## II.   Lesser sanctions would not suffice.

Lesser sanctions are not available or adequate to correct this misconduct. Plaintiffs did not conduct discovery in the permitted time frame. Thus, Plaintiffs would be unable to satisfy the burden of proof required of them at trial if the Court acted within its broad discretion and barred Plaintiffs from presenting any evidence or witnesses for failing to comply with its scheduling order and discovery deadlines. *See id.* at 865 (holding that dismissal with prejudice was appropriate for similar reasoning). As such, dismissal of the claim with prejudice is permitted and warranted.

## CONCLUSION

Plaintiffs' actions surpass mere negligence. Plaintiffs' counsel has continuously shown a disregard for the Court's scheduling order, authority, and

time. As such, dismissal of Plaintiffs' claims with prejudice for want of prosecution is warranted. The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** and **ORDERED** on September 17, 2021.

L. Scott Coogler
United States District Judge

206888